UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ROSADO JAMESON,

                Plaintiff,

           -against-

JOSEPH A. DICKSON, et al.,

                Defendants.

22-CV-1634 (LTS)

TRANSFER ORDER

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who resides in New Jersey, brings this *pro se* action asserting constitutional claims arising under the Second and Fourth Amendments to the United States Constitution. Named as Defendants are: (1) Joseph Dickson, former Magistrate Judge of the United States District Court for the District of New Jersey; (2) Jerry Sanseberino, a Deputy United States Marshal for the District of New Jersey; (3) Sergeant E. Stentella of the Carteret (New Jersey) Police Department; and (4) Officer Mike Kelly of the same police department. Plaintiff alleges that the events giving rise to his claims occurred in New Jersey.

For the following reasons, this action is transferred to the United States District Court for the District of New Jersey.

## DISCUSSION

Under the general venue provision, a federal civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the district where the person is domiciled. 28 U.S.C. § 1391(c)(1).

Plaintiff filed this complaint regarding events occurring in New Jersey. Plaintiff lists New Jersey work addresses for Defendants. Because Plaintiff does not allege that any of the Defendants reside in this District, or that a substantial part of the events or omissions underlying his claim arose in this District, venue is not proper in this District under Section 1391(b)(1) or (2). Rather, venue is proper in the District of New Jersey where the underlying events occurred and where the Defendants likely reside. Accordingly, venue lies in the District of New Jersey, 28 U.S.C. § 1391(b)(1)-(2), and this action is transferred to the United States District Court for the District of New Jersey, 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action, under 28 U.S.C. § 1406(a), to the United States District Court for the District of New Jersey. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes this case.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is further directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:   March 4, 2022
         New York, New York

                                             /s/ Laura Taylor Swain
                                               LAURA TAYLOR SWAIN
                                            Chief United States District Judge